UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HAROLD JOHNSON, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, *et al.*, )<br>)<br>      Defendants. ) | Case: 1:14-cv-02094<br>Assigned To : Unassigned<br>Assign. Date : 12/12/2014<br>Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

The plaintiff, who currently is incarcerated at the Maury Correctional Institution in Maury, North Carolina, purports to challenge the judgment of conviction of the United States District Court for the Eastern District of North Carolina, *see* Compl. at 1, and "seek[s] review pursuant to § 2255," *id.* at 15. The Court construes the complaint as a challenge to the legality of the plaintiff's criminal sentence, and such a claim must be brought in the sentencing court by motion under 28 U.S.C. § 2255. *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under Section 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence.</u>



3

28 U.S.C. § 2255(a) (emphasis added). This is not the court which imposed the sentence, and therefore the complaint will be dismissed for lack of jurisdiction. An Order accompanies this Memorandum Opinion.

/s/
_____
United States District Judge

DATE:

12/5/14